# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2022

Lyle W. Cayce
Clerk

No. 21-51077
CONSOLIDATED WITH
No. 21-51081
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABEL CARRILLO-ORTIZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-739-1
USDC No. 4:21-CR-432-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Abel Carrillo-Ortiz's appeal of the 57-month sentence of imprisonment imposed following his guilty plea conviction for illegal reentry

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51077
c/w No. 21-51081

into the United States has been consolidated with his appeal of the judgment revoking the term of supervised release he was serving at the time of the offense.  The district court ordered that these sentences be served consecutively.  Because Carrillo-Ortiz's appellate brief does not address the revocation or the revocation sentence, except to the extent it was imposed to run consecutively to his 57-month sentence, he has abandoned any other challenge to that revocation judgment.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review an original sentence for reasonableness in light of the sentencing factors set forth at 18 U.S.C. § 3553(a).  *See Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007).  In reviewing for reasonableness, we "merely ask[] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007).  Although Carrillo-Ortiz argues that we should not apply a presumption of reasonableness for a sentence within a properly calculated guidelines range based on U.S.S.G. § 2L1.2, he correctly concedes that this argument is foreclosed by our decision in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  Carrillo-Ortiz has not rebutted that presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Moreover, to the extent that he challenges the district court's decision to run his sentences consecutively, he has failed to show that the district court abused its discretion by doing so.  *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f), p.s. & comment. (n.4).

Carrillo-Ortiz contends that the enhanced sentencing range in 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), because it is based on a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.  He correctly concedes that this argument is foreclosed.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

2

No. 21-51077
c/w No. 21-51081

Accordingly, the district court's judgments are AFFIRMED.